IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-91 |
| v. | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| JOSEPH E. ARMSTRONG, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 5, 2015 for disposition of the Defendant's Motion to Declare the Case as Complex and to Extend Trial and Scheduling Dates ("Motion to Declare Case Complex and Continue") [Doc. 9]. Assistant United States Attorney Charles E. Atchley, Jr. appeared on behalf of the Government. Attorney Gregory P. Isaacs represented Defendant Armstrong, who was present.

The Court finds the Defendant's Motion to Declare Case Complex and Continue [Doc. 9] to be well-taken and that the ends of justice served by granting a continuance outweigh the interests of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The trial is currently set for August 25, 2015 at 9:00 a.m. before District Judge Thomas W. Phillips. During the motion hearing, defense counsel stated that he requires additional time to review voluminous discovery constituting over fifty CD's containing a substantial amount of undercover and financial records. The Government stated it had no objection to Defendant's Motion for Continuance and agreed that discovery in this matter was voluminous. Therefore, the Court

1

finds that Defendant Armstrong could not be ready for trial by August 25, 2015, or in less than five months. The Defendant indicated that he understood his Speedy Trial Act rights and personally asked the Court to grant the continuance. Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant also requested [Doc. 9] that this Court declare the case to be complex for speedy trial purposes. The Defendant averred that the charges raise complex legal issues and matters of law and a novel type of prosecution. The Government concurred and informed the Court that Defendant's charges contained novel questions of law necessitating a finding that the case is complex for speedy trial purposes.

The Court agrees with the Defendant that this case is complex for purposes of the Speedy Trial Act. The charges involve novel issues of law and prosecution and complex and voluminous discovery. Thus, due to the nature of the prosecution, including the voluminous discovery stemming therefrom, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court finds that this case should be designated as "complex" for speedy trial purposes.

Accordingly, the Defendant's Motion to Declare Case Complex and Continue [**Doc. 9**] is **GRANTED**. The trial of this matter is reset to **February 23, 2016**. The Court also finds that all the time between the **August 5, 2015** hearing and the new trial date of **February 23, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(7)(A)-(B). A motion deadline is scheduled for **December 7, 2015** with the Government's responses due by **December 21, 2015**. A pre-trial conference is set for **January**

**13, 2016 at 9:30 a.m.** This date will also serve as the plea cutoff deadline and the Defendant's reciprocal discovery deadline. The Court instructs the parties that all motions *in limine* must be filed no later than **February 9, 2016**. Special requests for jury instructions shall be submitted to the District Judge no later than **February 12, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED:**

(1) The Defendant's Motion to Declare Case Complex and Continue [**Doc. 9**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 23, 2016**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the hearing on **August 5, 2015** and the new trial date of **February 23, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) A motion deadline is scheduled for **December 7, 2015** with the Government's responses due by **December 21, 2015**;

(5) A pre-trial conference is scheduled for **January 13, 2016 at 9:30 a.m.** This date will also serve as the plea cutoff deadline and the Defendant's reciprocal discovery deadline;

(6) Motions *in limine* must be filed no later than **February 9, 2016**; and

(7) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **February 12, 2016**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge