UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-91 |
| | ) | Judge Phillips |
| JOSEPH E. ARMSTRONG | ) | |

## **MEMORANDUM AND ORDER**

The defendant is charged in a three-count Indictment [Doc. 1] alleging violations of (1) 18 U.S.C. § 371, conspiracy to defraud the United States; (2) 26 U.S.C. § 7201, attempt to evade and defeat tax; and (3) 26 U.S.C. § 7206(1) and 18 U.S.C. § 2, fraud and false statements. The defendant filed four pretrial motions [Docs. 15, 16, 17, 18] which were referred to U.S. Magistrate Judge C. Clifford Shirley, Jr., for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). Following a hearing on the motions on January 13, 2016, Judge Shirley issued a memorandum and order [Doc. 27] which granted some of the motions in part and denied some of the motions in whole or in part. Defendant has filed objections to Judge Shirley's opinion [Doc. 28] and the government has responded [Doc. 29].

The Court has carefully reviewed and considered Judge Shirley's opinion along with arguments presented by the parties. For the reasons that follow, the defendant's objections [Doc. 28] will be **OVERRULED**.

## I. Standard of Review

The standard of review for a magistrate judge's ruling on a non-dispositive matter is set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a). The district judge must affirm the magistrate judge's ruling unless the decision was clearly erroneous or contrary to law.

## II. Objection 1 – Denial of the Motion to Strike Surplusage Language From the Indictment [Doc. 15]

The defendant has moved to strike surplusage language from the Indictment [Doc. 15] on the grounds that the alleged facts and allegations are not essential to proving the charges and are irrelevant and unfairly prejudicial to the defendant. Judge Shirley concluded that the government intends to prove the challenged allegations in the Indictment at trial and that the allegations are legally relevant [Doc. 27 at p. 7].

Defendant emphasizes that this case is about taxes and the allegations in the Indictment regarding defendant's position in the Tennessee General Assembly and his voting record are irrelevant to the elements of the charged offenses [Doc. 28 at pp. 3—6]. The government responds that Judge Shirley correctly concluded that the alleged facts will be used to show defendant's motive to act "with the affirmative purpose of evasion, rather than being the unknowing victim of his accountant's misdeeds" and therefore why the allegations are relevant [Doc. 29 at p. 2].

It is well settled that the purpose of an indictment is to fairly inform the defendant of the charges against him so that he can properly prepare to defend himself by

2

containing "a plain, concise, and definite written statement of the essential facts constituting the offense charged … ." Fed. R. Crim. P. 7(c)(1); *Russell v. United States*, 369 U.S. 749, 764 (1962). While Fed. R. Crim. P. 7(d) permits the Court to strike surplusage language from the Indictment, such motion should only be granted where it is clear that the language is irrelevant and prejudicial. *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993); *see United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974), *cert. denied*, 419 U.S. 1124 (1975) (the standard for striking language in an indictment "has been strictly construed against striking surplusage"). "[I]f the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." *United States v. Thomas*, 875 F.2d 559, 562 n.2 (6th Cir.), *cert. denied*, 493 U.S. 867 (1989).

Most of the statements challenged by the defendant are contained in Count 1, which charges a conspiracy to defraud the United States in violation of 18 U.S.C. § 371. In order to prove this charge beyond a reasonable doubt, the government must show that two or more persons conspired, or agreed, to defraud the United States, or one of its agencies, or departments, by dishonest means; that the defendant knowingly and voluntarily joined the conspiracy; and that a member of the conspiracy did one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy. Sixth Circuit Pattern Criminal Jury Instruction 3.01B (2015). While many of the allegations setting forth the persons or entities involved in the alleged conspiracy, the object of the conspiracy, the manner and means of the conspiracy, and the overt acts are

3

beyond what is *essential* to providing the defendant with fair notice of the charges, they are not necessarily *irrelevant*. The government has outlined its theory of the conspiracy, which may or may not be proven at trial. Similarly, the challenged allegations in Count 2 are simply further details in support of the charged offense. The Court agrees with Judge Shirley's conclusion that the allegations are legally relevant. Accordingly, the defendant's objection is **OVERRULED**.

### III. Objection 2 – Denial of the Motion in Limine to Exclude Financial Records [Doc. 16]

Defendant has moved to exclude financial records [Doc. 16] that predate the charged conduct. As described in defendant's motion, the discovery provided to the defendant includes "thousands of pages of financial documents of various parties and entities, including Mr. Armstrong" [*Id.* at ¶ 3]. At the hearing before Judge Shirley, the government agreed that it would not use any financial records from before 2006. The government further advised that it intended to use only those financial records showing the transactions alleged in the Indictment and that those documents would be identified closer to the trial date [Doc. 27 at p. 8]. Thus, Judge Shirley granted the motion in limine in part such that financial documents from 2005 or earlier will be excluded, and denied the motion in part with respect to financial records that post-date 2005 [*Id.*].

The defendant complains that presentation of this evidence is not relevant under Fed. R. Evid. 401 and will "foster and perpetuate unfair prejudice against the defendant as the jury will likely consider that the defendant's prior dealings, although entirely legal,

4

were in some way linked to the alleged acts set forth in the Indictment" [Doc. 28 at pp. 6—7]. As noted by the government's response, Judge Shirley's ruling preserves the defendant's ability to raise specific objections at trial [Doc. 29 at p. 3]. More importantly, defendant has failed to identify specific documents that are objectionable. The Court cannot evaluate the admissibility or relevance of a general category of documents without reviewing said documents in the context of the proof presented at trial. Accordingly, the Court finds no error in Judge Shirley's ruling on this motion and the defendant's objection is **OVERRULED**.

**IV.  Objection 3 – Denial of the Motion in Limine to Exclude References to the Tennessee General Assembly Ethics Issues [Doc. 17]**

Defendant filed a motion to exclude references to ethical impropriety by the defendant under the ethics rules of the Tennessee General Assembly [Doc. 17]. Judge Shirley granted the motion in limine in part by precluding both parties "from attaching labels such as ethical or unethical to the Defendant's conduct" and denied the motion in all other respects without prejudice to raise specific objections at trial [Doc. 27 at p. 10]. Defendant complains that this ruling fails to sufficiently protect him from improper implications and arguments at trial. Specifically, defendant fears that such evidence presented in the context of the current "volatile" political climate and upcoming election season increases the likelihood of prejudice [Doc. 28 at pp. 7—9].

As described in the government's underlying response [Doc. 22 at pp. 4—6] and in response to this objection [Doc. 29 at pp. 3—4], the government intends to show that

5

the defendant used his position as a member of the Tennessee General Assembly to pass certain legislation to benefit himself financially and that this evidence is relevant to his motive and his desire to hide the source of his income. Defendant correctly notes that he is not charged with ethical violations or official misconduct. However, the government, as permitted by the Rules of Evidence, may attempt to present their theory of the case. As with the previous objection, the Court cannot express further opinion on the relevance or admissibility of such unspecified evidence in the absence of the context of the proof presented at trial. Accordingly, the Court finds no error in Judge Shirley's ruling and the defendant's objection is **OVERRULED**.

V.     **Objection 4 – Denial of the Motion in Limine to Suppress Surreptitious Recordings of Joseph E. Armstrong [Doc. 18]**

Defendant filed a motion to exclude surreptitious audio and video recordings of the defendant as irrelevant, unduly prejudicial, and inappropriate "other acts" evidence offered to show that he acted in conformity with a character trait [Doc. 18]. At the hearing before Judge Shirley, the government advised that it would only use a small portion of the recorded conversations and that counsel will identify the conversations to be introduced thirty days before trial [Doc. 27 at p. 11]. Accordingly, based on the parties' agreement that defendant's motion was premature, Judge Shirley denied the motion as moot and ruled that the parties could file any motions in limine with regard to the designated conversations prior to trial [*Id.*]. Despite previously agreeing with this

6

procedure, the defendant objects that the recordings identified in his motion should be excluded as irrelevant or unfairly prejudicial [Doc. 28 at p. 9].

In the absence of any designation as to which, if any, conversations that the government intends to introduce and without having reviewed the recordings themselves, the Court cannot make any determination as to the relevance or admissibility of the recordings. The Court finds no error in Judge Shirley's ruling on this motion and the defendant's objection is **OVERRULED**.

## VI.  Conclusion

For all the foregoing reasons, the Court finds that Judge Shirley's rulings on the motion to strike and motions in limine were neither clearly erroneous nor contrary to law. Therefore, the defendant's objections [Doc. 28] are **OVERRULED**.

IT IS SO ORDERED.

                                                    s/ Thomas W. Phillips
                                      SENIOR UNITED STATES DISTRICT JUDGE