UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:15-CR-91 |
| | ) | |
| JOSEPH E. ARMSTRONG, | ) | |
| | ) | |
| Defendant. | ) | |

## PROPOSED JURY INSTRUCTIONS

Comes the Defendant, Joseph E. Armstrong, by and through counsel, and respectfully submits the following proposed jury instructions. Additionally, the Defendant requests leave of the Court to present additional instructions based upon evidence presented at trial:

1

**PROPOSED JURY INSTRUCTION NO. 1**

**RELIANCE ON ACCOUNTANT**

You have heard evidence that the defendant received advice from an accountant Charles Stivers and you may consider that evidence in deciding whether the defendant acted willfully and with knowledge.

The mere fact that the defendant may have received accounting advice does not, in itself, necessarily constitute a complete a defense. Instead, you must ask yourselves whether the defendant honestly and in good faith sought the advice of an accountant as to what he may lawfully do; whether he fully and honestly laid all the facts before his accountant; and whether in good faith he honestly followed such advice, relying upon it and believing it to be correct. In short you should consider whether, in seeking and obtaining advice from an accountant, the defendant intended that his acts shall be lawful. If he did so, it is the law that a defendant cannot be convicted of a crime which involves willful and unlawful intent, even if such advice were an inaccurate.

On the other hand, no man can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he followed the advice of his accountant.

The elements of a reliance defense include: 1.) full disclosure of all pertinent facts; and 2.) good faith reliance on the accountant's advice. An individual who has fully disclosed and relied in good faith on the advice of his accountant cannot be found to have acted willfully. Whether the Defendant acted in good faith and substantially in accordance with his accountant's advice are questions for you to determine.

[Authority: 1 Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, <u>Modern Federal Jury Instructions: Criminal</u>, Instruction 8-4 (Comment), pp. 8-20 - 8-21 (2008 ed.)(modified); <u>United States v. Rozin</u>, 664 F.3d 1052, 1060 (6th Cir 2012); <u>United States v. Duncan</u>, 850 F.2d 1104, 1116 (6th Cir. 1988)]

2

**PROPOSED JURY INST. NO. 2:**

**GOOD FAITH BELIEF OF THE ACCUSED**

To establish a violation of 26 U.S.C. 7201 or 7206, as charged in Counts 2 and 3 of the indictment, the government must prove beyond a reasonable doubt that the defendant acted willfully. "Willfully" means a voluntary and intentional violation of a known legal duty. The defendant's conduct was not willful if he acted through negligence -- even gross negligence -- mistake, or accident, or due to a good-faith belief or misunderstanding as to the law. Unlike many criminal offenses, ignorance or a good faith misunderstanding of the law constitutes a defense to a criminal tax offense.

Thus, a defendant does not act willfully if he believes in good faith that he is acting within the law or that his actions comply with the law. Therefore, if the defendant actually believed that what he was doing was in compliance with the tax law, he cannot be said to have willfully attempted to evade or defeat taxes or filed false or fraudulent tax returns. This is so even if the defendant's belief was not objectively reasonable, as long as he actually held the belief in good faith.

A good faith belief is one that is honestly and genuinely held. In determining whether the defendant held a good faith belief, you are to determine what the defendant in fact believed, not what a reasonable person should have believed; however the reasonableness of the belief may be a factor in your analysis. The test you must apply is whether the defendant himself actually believed in good faith that he had complied with his obligations.

Ultimately, if the evidence in the case leaves you, the jury, with a reasonable doubt as to whether the defendant made a good-faith effort to comply with the law or acted with willful intent to violate the law, you must acquit the defendant.

Remember that the burden of proving good faith does not rest with the defendant, because the defendant has no obligation to prove anything to you. The government has the burden of proving to you beyond a reasonable doubt that the defendant acted willfully.

[Authority: Cheek v. United States, 498 U.S. 192 (1991); United States v. Abbound, 438 F.3d 554, 581 (6th Cir. 2006); United States v. Pensyl, 387 F.3d 456, 459-60 (6th Cir. 2004); United States v. Middleton, 246 F.3d 825, 837 (6th Cir. 2001).]

**PROPOSED JURY INSTRUCTION NO. 3:**

**CHARACTER AND REPUTATION OF DEFENDANT**

You have heard testimony about the defendant's good character and reputation. You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that he committed the crime charged.

[Authority: Pattern Criminal Jury Instructions for The Sixth Circuit, Instruction 7.09 (modified)].

5

Case 3:15-cr-00091-TWP-CCS   Document 37   Filed 07/26/16   Page 5 of 9   PageID #: 169

**PROPOSED JURY INSTRUCTION NO. 4:**

**TESTIMONY OF A WITNESS UNDER GRANT OF IMMUNITY OR REDUCED CRIMINAL LIABILITY**

(1) You have heard the testimony of _____. You have also heard that the government has promised him that [he will not be prosecuted for _____ ] [ he will _____] in exchange for his cooperation.

(2) It is permissible for the government to make such a promise. But you should consider _____'s testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

(3) Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

[Authority: Pattern Criminal Jury Instructions for The Sixth Circuit, Instruction 7.07]

**PROPOSED JURY INSTRUCTION NO. 5:**

**Willfully Defined (26 U.S.C. §§ 7201 and 7206)**

In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of the law is wrong or unreasonable. Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it. Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.

[Authority: 2B Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 67.20 (6th ed. 2008) (modified); Cheek v. United States, 498 U.S. 192, 201 (1991); United States v. Pomponio, 429 U.S. 10, 12 (1976); United States v. Bishop, 412 U.S. 346, 360 (1973).]

## PROPOSED JURY INSTRUCTION NO. 6:

**Elements of Section 7206(1)- False Income Tax Return**

The gist of the offense charged in Count 1 of the indictment is the willful making and subscribing by the defendant of his personal income tax return for the year 2008, which contains a written declaration that it was made under the penalties of perjury, and which the defendant did not believe to be true and correct as to every material matter.

To prove a violation, the government must establish each of the following four (4) elements beyond a reasonable doubt:

>1. The defendant made, or caused to be made, and signed an income tax return for the year in question that was false as to a material matter.
>
>2. The return contained a written declaration that it was made under the penalties of perjury.
>
>3. The defendant did not believe the return to be true and correct as to the material matter charged in the indictment;
>
>4. The defendant made, or caused to be made, and signed the return willfully.

[Authority: 26 U.S.C. § 7206(1); 2B Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 67.15 (6th ed.2008) (modified); United States v. Bishop, 412 U.S. 346, 350, 359 (1973); United States v. Sassak, 881 F.2d 276, 278 (6th Cir. 1989); United States v. Duncan, 850 F.2d 1104 (6th Cir. 1988).]

RESPECTFULLY SUBMITTED this Tuesday, July 26, 2016.

      /s/ Gregory P. Isaacs
GREGORY P. ISAACS, BPR #013282

THE ISAACS LAW FIRM
618 South Gay Street, Suite 300
Post Office Box 2448
Knoxville, Tennessee 37901-2448
865.673.4953
www.isaacslawfirm.com
Gpi@isaacslawfirm.com

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing pleading was filed electronically and has been served on counsel set forth below, pursuant to the Fed. R. Crim. P., by the U.S.D.C. electronic filing system to carry the same to its destination.

AUSA Charles E. Atchley, Jr.
AUSA Frank M. Dale, Jr.
United States Assistant Attorney General
Howard H. Baker, Jr. U.S. Courthouse
800 Market Street, Room 211
Knoxville, Tennessee 37902
865.545.4167
Charles.Atchley@usdoj.gov
Frank.Dale@usdoj.gov

DATED this Tuesday, July 26, 2016.

      /s/ Gregory P. Isaacs
GREGORY P. ISAACS