UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:15-CR-91 |
| v. | ) | |
| | ) | JUDGE PHILLIPS |
| JOSEPH E. ARMSTRONG | ) | |

## **UNITED STATES' PROPOSED JURY INSTRUCTIONS**

      The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, submits the following proposed jury instructions for trial. The United States requests that these instructions be given, along with the Court's standard jury charge. Furthermore, the United States respectfully requests the right to further supplement these instructions based upon proof and evidence presented at trial.

      Respectfully submitted this 26th day of July, 2016.

                              Respectfully submitted,

                              NANCY STALLARD HARR
                              UNITED STATES ATTORNEY

      By:    *s/ Charles E. Atchley, Jr.*
             CHARLES E. ATCHLEY, JR.
             Assistant United States Attorney

             *s/ Frank M. Dale, Jr.*
             FRANK M. DALE, JR.
             Assistant United States Attorney

             800 Market Street, Suite 211
             Knoxville, Tennessee 37902
             865-545-4167

Proposed Jury Instruction No. 1

Conspiracy to Defraud the United States – Basic Elements[1]

(1) Count One of the Indictment accuses the defendant of a conspiracy to defraud the United States by dishonest means in violation of federal law. It is a crime for two or more persons to conspire, or agree, to defraud the United States, even if they never actually achieve their goal.

(2) A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt.

   a. First, that two or more persons conspired, or agreed, to defraud the United States, or one of its agencies or departments, by dishonest means. The word "defraud" is not limited to its ordinary meaning of cheating the government out of money or property. "Defraud" also means impairing, obstructing or defeating the lawful function of any government agency or department by dishonest means.

   b. Second, the government must prove that the defendant knowingly and voluntarily joined the conspiracy.

   c. And third, the government must prove that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

---

[1] Sixth Circuit Pattern Criminal Jury Instruction § 3.01B (2013 ed.)

(3) You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge.

Proposed Jury Instruction No. 2

Agreement[2]

(1) With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of conspiracy to commit fraud against the United States by failing to pay federal income tax.

(2) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(3) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of conspiracy to defraud the United States. This is essential.

(4) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

---

[2] Sixth Circuit Pattern Criminal Jury Instruction § 3.02 (2013 ed.)

Proposed Jury Instruction No. 3

Defendant's Connection to the Conspiracy[3]

(1) If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve the goals.

(2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(4) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

---

[3] Sixth Circuit Pattern Criminal Jury Instruction § 3.03 (2013 ed.).

Proposed Jury Instruction No. 4

Overt Acts[4]

(1) The third element that the government must prove is that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(2) The indictment lists overt acts. The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

(3) But the government must prove that at least one of these acts was committed for the purpose of advancing or helping the conspiracy. This is essential.

---

[4] Sixth Circuit Pattern Criminal Jury Instruction § 3.04 (2013 ed.)

Proposed Jury Instruction No. 5

Unindicted, Unnamed or Separately Tried Co-Conspirators[5]

(1) Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

(2) Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

---

[5] Sixth Circuit Pattern Criminal Jury Instruction § 3.06 (2013 ed.)

Proposed Jury Instruction No. 6

Venue[6]

(1) Now, some of the events that you have heard about happened in other places. There is no requirement that the entire conspiracy take place here in the Eastern District of Tennessee. But for you to return a guilty verdict on the conspiracy charge, the government must convince you that either the agreement, or one of the overt acts took place here in the Eastern District of Tennessee.

(2) Unlike all the other elements that I have described, this is just a fact that the government only has to prove by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that part of the conspiracy took place in the Eastern District of Tennessee.

(3) Remember that all the other elements I have described must be proved beyond a reasonable doubt.

---

[6] Sixth Circuit Pattern Criminal Jury Instruction § 3.07 (2013 ed.)

Proposed Jury Instruction No. 7

Tax Evasion[7]

The crime of tax evasion as charged in Count Two of the indictment has three elements:

One, the defendant owed substantial income tax in addition to that which he reported on his return;

Two, the defendant attempted to evade and defeat that additional tax; and

Three, the defendant acted willfully.

To "attempt to evade or defeat" a tax involves two things: first, an intent to evade or defeat the tax; and second, some act willfully done in furtherance of such intent. So, the word "attempt" contemplates that the defendant knew and understood that, during the calendar year charged, he had some income which was taxable, and which he was required by law to report; but that he nevertheless attempted to evade or defeat all or a substantial portion of the tax on that income, by willfully failing to report all his known income which he knew he was required by law to state in his return for such year; or in some other way or manner.

To "evade and defeat" a tax means to escape paying a tax by means other than lawful avoidance.

Various schemes, subterfuges, and devices may be resorted to in an attempt to evade or defeat a tax. The one alleged in the indictment is that of the use of nominee accounts to disguise the source and ownership of income coupled with the filing of a false and fraudulent income tax return with the intent to evade or defeat the tax. The statute makes it a crime to willfully attempt, in any way or manner, to evade or defeat any income tax imposed by law.

---

[7] Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit (2012 ed.), Section 6.26.7201.

Even though the indictment alleges a specific amount of tax due for calendar year 2008, the proof need not show the precise amount of the additional tax due. The Government is only required to establish, beyond a reasonable doubt, that the defendant attempted to evade a substantial income tax, whether greater or less than the amount charged in the indictment.

To act "willfully" means to voluntarily and intentionally violate a known legal duty.

Proposed Jury Instruction No. 8

Proof of Precise Amount of Tax Owed Not Necessary[8]

The government must prove beyond a reasonable doubt that the defendant willfully attempted to evade or defeat a substantial portion of the tax owed.

Although the government must prove a willful attempt to evade a substantial portion of tax, the government is not required to prove the precise amount of additional tax alleged in the indictment or the precise amount of (additional) tax owed.

---

[8] 2B Kevin F. O'Malley et al., Federal Jury Practice and Instructions (6th ed. 2008), § 67.08.

Proposed Jury Instruction No. 9

Knowledge of Falsehood[9]
(Deliberate Ignorance)

The government may prove that the defendant acted "knowingly" by proving, beyond a reasonable doubt, that this defendant deliberately closed his eyes to what would otherwise have been obvious to him. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. In order to infer knowledge, you must find that two things have been established:

First, that the defendant was aware of a high probability that his 2008 Form 1040 Income Tax return was false.

Second, that the defendant consciously and deliberately took actions to avoid learning about the existence of that fact.

It is entirely up to you as to whether you find any deliberate ignorance or deliberate closing of the eyes and any inferences to be drawn from any such evidence.

You may not conclude that the defendant had knowledge, however, from proof of a mistake, negligence, or carelessness. You may not conclude that defendant had knowledge if the defendant did not actually believe in the existence of that fact. There must be an awareness of a high probability of the existence of the fact and a deliberate effort to remain ignorant of the fact.

---

[9] 1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 17.09 (6th ed. 2008) (modified); Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.16 (2012 ed.); Third Circuit Model Criminal Jury Instructions, § 5.06 (2010 ed.); Sixth Circuit Pattern Criminal Jury Instructions, § 2.09 (2011 ed.); Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, § 7.04 (2012 ed.); Ninth Circuit Model Criminal Jury Instructions, § 5.7 (2010 ed.); Tenth Circuit Criminal Pattern Jury Instructions, § 1.37 (2005 ed.).

Proposed Jury Instruction No. 10

False Return -- Essential Elements (False Income Tax Return)

To sustain the charge that the defendant willfully made or caused to be made a false individual income tax return, the government must prove the following propositions:

First, the defendant made or caused to be made the income tax return;

Second, the defendant signed the income tax return, which contained a written declaration that it was made under penalties of perjury;

Third, the defendant filed the income tax return or caused the income tax return to be filed with the Internal Revenue Service;

Fourth, the income tax return was false as to a material matter, as charged in the count; and

Fifth, when the defendant made and signed the tax return, the defendant did so willfully and did not believe that the tax return was true, correct and complete as to every material matter.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to the particular count, then you should find the defendant guilty of the particular count.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt as to the particular count, then you should find the defendant not guilty of that particular count.

Proposed Jury Instruction No. 11

Willfulness[10]

To find the defendant guilty of violating Section 7206(1), you must not only find that he did the acts of which he stands charged, but you must also find that the acts were done willfully by the defendant.

The word "willfully," as used in this statute, means a voluntary, intentional violation of a known legal duty. In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something he knew the law prohibited, that is to say, with intent either to disobey or to disregard the law.

In determining the issue of willfulness, you are entitled to consider anything done or omitted to be done by the defendant and all facts and circumstances in evidence that may aid in the determination of his state of mind. It is obviously impossible to ascertain or prove directly the operations of the defendant's mind; but a careful and intelligent consideration of the facts and circumstances shown by the evidence in any case may enable one to infer what another's intentions were in doing or not doing things. With the knowledge of definite acts, we may draw definite logical conclusions.

---

[10] 2B Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 67.20 (6th ed. 2008); Third Circuit Model Criminal Jury Instructions, § 6.26.7201-4 (2010 ed.); Fifth Circuit Criminal Jury Instructions, § 2.96 (note) (2001 ed.); Criminal Federal Jury Instructions of the Seventh Circuit, 26 U.S.C. § 7206 (Definition of Willfully) (1998); Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, §§ 6.26.7206, 7.02 (2012 ed.); Manual of Model Jury Instructions for the Ninth Circuit, § 9.42 (2010 ed.); Tenth Circuit Criminal Jury Instructions, § 2.93 (2005 ed.); *Cheek v. United States*, 498 U.S. 192, 201 (1991); *United States v. Pomponio*, 429 U.S. 10, 12 (1976); *United States v. Bishop*, 412 U.S. 346, 360 (1973); *Spies v. United States*, 317 U.S. 492, 499 (1943); *United States v. Ashfield*, 735 F.2d 101, 105 (3d Cir. 1984); *United States v. Conforte*, 624 F.2d 869, 875 (9th Cir. 1980); *United States v. Ramsdell*, 450 F.2d 130, 133-34 (10th Cir. 1971); *United States v. Spinelli*, 443 F.2d 2, 3 (9th Cir. 1971).

We are, in our daily affairs, continuously called upon to decide from the acts of others what their intentions or purposes are, and experience has taught us that frequently actions speak more clearly than spoken or written words. To this extent, you must rely in part on circumstantial evidence in determining the guilt or innocence of the defendant.

In this regard, there are certain matters that you may consider as pointing to willfulness, if you find such matters to exist in this case. By way of illustration only, willfulness may be inferred from conduct such as making false or deceptive statements regarding one's financial affairs, using nominee bank accounts to disguise ownership or control of assets, making false entries or alteration, or false invoices or documents, concealing assets or covering up sources of income, handling one's affairs to avoid making the records usual in transactions of the kind, etc., and any conduct the likely effect of which would be to mislead or to conceal.

I give you these instances simply to illustrate the type of conduct you may consider in determining the issue of willfulness. I do not by this instruction mean to imply that the defendant did engage in any such conduct. It is for you as the trier of the facts to make this determination as to whether the defendant did or did not.

## CERTIFICATE OF SERVICE

      I hereby certify that on July 26, 2016, the foregoing Government's Proposed Jury Instructions was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                *s/ Charles E. Atchley, Jr.*
                                                CHARLES E. ATCHLEY, JR.
                                                Assistant United States Attorney