UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:15-CR-91 |
| | ) | |
| JOSEPH E. ARMSTRONG, | ) | |
| | ) | |
| Defendant. | ) | |

## RENEWED MOTION FOR JUDGMENT OF ACQUITTAL OR IN THE ALTERNATIVE FOR A NEW TRIAL

The Defendant, Joseph E. Armstrong, by and through counsel, pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, and renews his Motion for Judgment of Acquittal following the verdict and dismissal of the jury. Should the Court determine the grant of acquittal inappropriate in this case, the Defendant would respectfully move this Honorable Court alternatively for a new trial. In support of this motion, Mr. Armstrong would show that the evidence presented by the United States at the trial of this cause was insufficient to support a conviction for willfully filing a false or fraudulent income tax return in violation of 26 U.S.C. §7206(1) as alleged in Count Three of the Indictment. Alternatively, Mr. Armstrong would show that the jury's verdict of guilty as to Count Three of the Indictment is against the substantial weight of the evidence presented at trial and would result in a manifest injustice if it were permitted to stand. In support thereof the Defendant would show as follows:

## PROCEDURAL HISTORY

Joseph E. Armstrong was charged in a three count Indictment on June 16, 2015 [Doc. 1]. Count One alleged a violation of 18 U.S.C. § 371, Conspiracy to Defraud the United States; Count Two alleged a violation of 26 U.S.C. § 7201, Attempt to Evade and

Defeat Tax; Count Three alleged a violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2, Filing a False or Fraudulent Income Tax Return. Significantly, in setting out the allegations of Count Three, the Indictment noted as follows:

> 2. That on or about October 15, 2009, in the Eastern District of Tennessee and elsewhere, JOSEPH E. ARMSTRONG, a resident of Knoxville, Tennessee, did willfully make and subscribe and did willfully aid, abet, assist, and cause to be so make and subscribed a joint U.S. Individual Income Tax Return, Form 1040, for the calendar year 2008, which was verified by a written declaration that it was make under the penalties of perjury and JOSEPH E. ARMSTRONG, did not believe the return, which was filed with the Internal Revenue Service, to be true and correct as to every material matter in that the return failed to disclose that he was engaged in the operation of an investment activity from which he derived gross receipts and received income and JOSEPH E. ARMSTRONG then and there well knew that he was required by laws and regulation to disclose the operation of this investment activity, the gross receipts he derived therefrom, and the income from this investment activity.
>
> In violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.
>
> [Doc. 1, p.7-8].

Trial of this matter began on August 2, 2016 and the jury returned a verdict of not guilty against Joseph Armstrong as to Counts One and Two of the Indictment, and a verdict of Guilty as to Count Three on August 8, 2016. [Doc 47, Verdict Form].

## MEMORANDUM OF LAW

### I.  MOTION FOR JUDGEMENT OF ACQUITTAL

#### a. Standard for Granting a Rule 29(c) motion

Federal Rule of Criminal Procedure 29 governs the request and disposition of a motion for judgment of acquittal. A Rule 29 motion challenges the sufficiency of the evidence presented at trial in establishing the elements of the offense. Rule 29(c) provides

2

grounds for a defendant to renew a motion following the verdict of the jury in a case. The rule provides, in pertinent part, as follows:

>(c) After Jury Verdict or Discharge.
>
>(1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.
>
>(2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal.

Fed. R. Crim. P. 29.

In determining the sufficiency of the evidence to support a jury verdict, "[t]he relevant inquiry is whether, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Fisher, 648 F.3d 442, 450 (6th Cir. 2011), (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). In weighing the evidence presented at trial, the court may look to both circumstantial and direct evidence which are given the same weight in the determination. United States v. Sherlin, 67 F.3d 1208, 1214 (6th Cir. 1995) cert. denied, 516 U.S. 1082 (1996). The Sixth Circuit has noted that circumstantial evidence alone may sustain a conviction, "so long as the totality of the evidence was *substantial* enough to establish guilt beyond a reasonable doubt." United States v. Phibbs, 999 F. 2d 1053, 1064 (6th Cir. 1993); United States v. Green, 548 F.2d 1261, 1266 (6th Cir. 1977) (emphasis added). Substantial evidence is considered to be more than implicative or vague evidence, but rather "relevant evidence as a reasonable mind might accept to support a conclusion." United States v. Sherlin, 67 F.3d 1208, 1214

3

(6th Cir. 1995) cert. denied, 516 U.S. 1082 (1996)( quoting United States v. Martin, 375 F.2d 956, 957 (6th Cir. 1967)).

As the court examines and weighs the evidence that was introduced at trial, the Court may not independently judge the credibility of witnesses or weight of the evidence. United States v. Welch, 97 F.3d 142, 148 (6th Cir. 1996). Importantly, "[e]vidence that at most establishes no more than a choice of reasonable probabilities cannot be said to be sufficiently substantial to sustain a criminal conviction upon appeal." United States v. Morrison, 220 Fed. Appx. 389, 392 (6th Cir. 2007)(citing United States v. Saunders, 325 F.2d 840, 843 (6th Cir. 1964)).

### b. Evidence presented at trial was insufficient

Count Three of the Indictment alleged that Joseph E. Armstrong willfully filed a false or fraudulent income tax return in violation of 26 U.S.C. §7206(1). In order to sustain a conviction for the willful filing of a false or fraudulent return, the United States must have proven beyond a reasonable doubt that an individual "willfully [made] and subscrib[ed] any return, statement or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter." Importantly, this offense requires a mens rea of willfully, one of the highest levels of culpability recognized under federal law. Willfully, as defined within the context of this offense requires proof that the defendant undertook a "voluntary, intentional violation of a known duty" United States v. Ronzin, 664 F.3d 1052, 1058 (6th Cir. 2012) (citing Cheek v. United States, 498 U.S. 192, 201 (1991)). In requiring this high mens rea, the Sixth Circuit has noted that "because of the complexity of the tax system, tax law is one of the few areas where the Supreme Court has held that ignorance of the law is a defense." United States v.

4

Abbound, 438 F.3d 554, 581 (6th Cir. 2006) (citing Cheek v. United States, 498 U.S. 192, 201 (1991)). In implementing this reasoning, federal courts explicitly recognize the existence of defenses that may negate the element of willfulness required in tax cases.

A showing of willfulness can be negated by a defendant's claim that he had a good-faith belief that he was not violating any provisions of the tax laws. United States v. Aaron, 590 F.3d 405, 408 (6th Cir. 2009). Additionally, the defendant's belief need not be objectively reasonable to satisfy the defense, rather that he honestly and subjectively held the belief in good faith. Id; see also United States v. Abbound, 438 F.3d 554, 581 (6th Cir. 2006).

The defendant may also establish a "reliance" defense in a tax case, which requires a showing that the defendant fully disclosed the information to his accountant and relied in good faith on the advice of that accountant. United States v. Rozin, 664 F.3d 1052, 1060 (6th Cir. 2012). Once again, proof of a reliance defense will work to negate the element of willfulness that is required to convict a defendant. Id. Again, while proof of a defendant's mental state may be proven by both direct and circumstantial evidence, this evidence must establish mens rea beyond a reasonable doubt.

In the instant case, the United States failed to establish the essential elements of the offense of willfully filing a false or fraudulent return at trial. The United States presented a theory both in the Indictment and at trial that the Defendant sought to hide proceeds and evade taxes related to an investment opportunity, and in doing so filed a false return that he knew to be untrue.

Significantly, the only direct proof asserted by the United States at trial that related to the knowledge and intent of the Defendant in the filing of his 2008 Income Tax return was the testimony of Charles M. Stivers, the return itself, and the testimony of Sam

5

Anderson. Mr. Stivers testified that in planning to evade the payment of taxes, he and Mr. Armstrong were both aware that the contents of the 2008 return were inaccurate. Furthermore, only vague inferences were presented at trial as to the knowledge and intent of Mr. Armstrong through circumstantial evidence. Even during cross examination, Mr. Armstrong reiterated his significant lack of understanding as to the operation and function of the tax code. Furthermore, the testimony of Sam Anderson also supported the Defendant's position that he believed his tax had been paid, and in turn believed his return to be accurate.

Additionally, the defense established a good faith reliance defense at trial. Importantly, Mr. Armstrong took the stand in his own defense, presenting direct evidence of his mental state. Throughout the course of his testimony, the defendant fully discussed his belief and understanding in submitting his 2008 return, reiterating that he understood the contents to be correct based on assurances from his accountant Mr. Stivers.

The United States failed to present sufficient proof of the essential elements of Count Three of the Indictment beyond a reasonable doubt. Additionally, following the presentation of a valid defense, the United States did not present sufficient evidence to negate the defense presented at trial. Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, the Defendant would renew his Motion for Judgment of Acquittal based upon insufficiency of the evidence.

## II. **MOTION FOR NEW TRIAL**

### a. **Standard For Granting a Rule 33(a) Motion**

Federal Rule of Criminal Procedure 33 sets out the standard for granting a Motion for New Trial. The Rule states, in pertinent part, as follows:

> (a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. . . . .
>
> (b) Time to File.
> . . .
>
> (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33.

A motion for new trial may be predicated on an argument that the jury's verdict was "against the manifest weight of the evidence" that was presented. United States v. Hughes, 505 F.3d 578, 593 (6th Cir. 2007). The motion may also be based on the fact that the "interests of justice so require." Fed. R. Crim. P. 33(a). Notably, courts have broad discretion in determining whether or not to grant the motion. United States v. Barlow, 693 F.2d 954, 966 (6th Cir. 1982). While Rule 33 motions are typically only granted in "extraordinary circumstances," a case in which the evidence weighs heavily against the verdict returned is ideal for the grant of such a motion. Id.

Notably, a district judge in considering the weight of the evidence for purposes of adjudicating a motion for new trial, may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence. United States v. Hughes, 505 F.3d 578, 592-93 (6th Cir. 2007) (citing United States v. Lutz, 154 F.3d 581, 589 (6th Cir. 1998)). This broad power granted to the court, as opposed to the power under Rule 29, gives the court discretion to determine the value, veracity, and credibility of both witnesses and evidence presented in the trial of the case. Courts have noted the importance of this determination and role as the thirteenth juror, noting that its existence ensures that no "miscarriage of justice" takes place. United States v. Ashworth, 836 F.2d 260, 266 (6th Cir. 1988). In

7

determining whether a new trial is necessary, the judge must view the entirety of the record, and may asses the evidence in making this determination. Id.

### b. **The Evidence at Trial was Insufficient and against Manifest Weight of Evidence**

Should the court deem that the grant of a Motion for Judgment of Acquittal under Rule 29 is inappropriate in this case, the Defendant would respectfully request that the Court grant this Motion for New Trial pursuant to Rule 33 in the alternative. Furthermore, the Defendant incorporates the above cited law and argument as to insufficiency of the evidence presented at trial into this section. After a review of the evidence presented at trial, including the credibility of the United States witnesses, the Government failed to prove each and every element of the offense beyond a reasonable doubt. Additionally, the interests of justice require the grant of a new trial based upon the inconsistent verdict returned by the jury despite direct evidence of a legal defense.

As previously noted, in order to prove a conviction for the willful filing of a false or fraudulent return, the United States must have proven beyond a reasonable doubt that an individual "willfully [made] and subscrib[ed] any return, statement or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter" 26 U.S.C. §7206(1). Again, in proving each and every element beyond a reasonable doubt, the United States is required to show that the defendant acted willfully in taking these actions. In the instant case, the United States failed to establish this mens rea and the verdict is against the "manifest weight of the evidence presented at trial." United States v. Hughes, 505 F.3d 578, 593 (6th Cir. 2007).

8

Significantly, the evidence presented at the trial of this case failed to establish any willful intent of the Defendant beyond a reasonable doubt. The only direct proof as to Mr. Armstrong's understanding or intent posited by the United States was the testimony of Mr. Stivers, the 2008 return itself, and some testimony from Sam Anderson. As previously noted, Mr. Stivers testimony was elicited pursuant to a plea agreement which was introduced at trial. Additionally, Mr. Stivers testimony was significantly impeached at trial by both his incentive to testify against Mr. Armstrong and also his history of inconsistent statements given to various parties throughout the investigation of the case. Importantly, Mr. Armstrong took the stand in his defense and established a legal defense of good-faith reliance on the advice of Mr. Stivers in submitting the 2008 return. No other witnesses had direct information or knowledge to testify as to Mr. Armstrong's mental state or understanding of the requirements of the tax code, although United States witness Sam Anderson did testify as to Mr. Armstrong's belief the taxes had been retained and paid by an accountant.

Any additional proof that could have been gleaned related to mental state would have to have been presented through circumstantial evidence surrounding the preparation and filing of the return. The only proof introduced related to the preparation and filing of the return was the testimony of Mr. Stivers and Mr. Armstrong, the return itself which was signed by Mr. Stivers as the preparer, and an email asking the Armstrong's to review the return for accuracy. In examining the evidence presented at trial, both direct and circumstantial, the United States failed to establish that Mr. Armstrong acted willfully beyond a reasonable doubt.

As noted previously, the court has wide discretion in examining a Motion for New Trial under Rule 33, and may examine and weigh the evidence when determining if

9

the verdict was against the manifest weight of the evidence or whether the interests of justice require a new trial. Importantly, the proof set out by both the United States and the Defendant was weighed by the jury during deliberations. Significantly, the jury returned an acquittal as to Count One and Two of the Indictment. This finding supports the conclusion that the jury determined that the United States had not proven the elements of each of those offenses beyond a reasonable doubt. In making this determination, the jury considered evidence presented in the Defendant's own testimony as to his mental state, knowledge, and reliance on his accountant. In weighing the proof at trial, the jury clearly accepted the testimony of the Defendant as to his mental state in filing the 2008 return, or at a minimum weighed it as more credible than that given by Mr. Stivers. The District Court in examining and weighing the evidence presented, should give significant weight to the impeachment of Mr. Stivers at trial including his repeated inconsistencies and false statements. Based upon the credibility of Mr. Stivers, the District Court should totally disregard all of his testimony, leaving insufficient evidence to establish Mr. Armstrong acted willfully.

      Furthermore, the jury's verdict of Not Guilty as to Count Two and Guilty as to Count Three is inconsistent and against the weight of evidence presented. The jury in accepting the defense presented to the offenses, determined there was not sufficient evidence to prove Mr. Armstrong acted willfully as to Count Two, and yet returned a verdict finding the very same intent as to Count Three. Comparison of the elements that the United States is required to prove beyond a reasonable doubt and the legal defense established by the Defendant, lead to a conclusion that the verdict cannot be permitted to stand.

10

Case 3:15-cr-00091-TWP-CCS   Document 56   Filed 08/22/16   Page 10 of 13   PageID #: 999

Furthermore, the District Court to grant a new trial based upon the interests of justice. The proof and testimony at trial showed that Joseph Armstrong, a long time member of the Tennessee General Assembly who had served the Knoxville community for decades, relied on his personal CPA, Charles Stivers, for accounting advice as he had done for decades. Additionally, the proof at trial was uncontroverted that Joseph Armstrong believed the amount of money retained by Mr. Stivers to be consistent with that of capital gains and preparer fees. The evidence that Mr. Armstrong believed the tax had been retained and paid was also corroborated by United States witness Sam Anderson's testimony, which recounted a phone call and reassurance that taxes were paid. The omission of proceed from Mr. Anderson's tax return also presents corroboration of the understanding of both Mr. Armstrong and Mr. Anderson as to what their income tax returns required them to include, all based upon the advice of Mr. Stivers.

Mr. Stivers himself admitted that he had repeatedly lied in the past and agreed that he was the type of person that would lie to save himself. Additionally, evidence was introduced that Mr. Stivers had every reason to tell the story he had signed onto in order to get some level of favorable sentencing per his plea agreement. The interests of justice clearly require that all of Mr. Stivers testimony be disregarded, leaving no additional evidence sufficient to negate the defense presented by Mr. Armstrong to the conduct in Count Three.

### c. Substantial Legal Error Necessitates a New Trial

Significantly, substantial legal error in charging the jury with both Count Two and Count Three of the Indictment necessitates a new trial. As previously noted, Count Two charged the Defendant with a violation of 26 U.S.C. § 7201, Attempt to Evade and

11

Defeat Tax and Count Three alleged a violation of 26 U.S.C. § 7206(1), Filing a False and Fraudulent Return. Courts have noted that in cases where the government charges both attempted evasion in addition to filing a false return, the United States must show some distinct facts between the two in order to submit both charges to the jury. See United States v. Spencer, 856 F.2d 197, (6th Cir. 1988); United States v. Citron, 783 F.2d 307, 314 (2d Cir. 1986). In order to submit both counts, the United States is required to present a legal or factual basis for a differentiation in the determination of each count, otherwise the jury is being presented with the opportunity to determine the applicable counts, a decision left to the court. United States v. Citron, 783 F.2d 307, 315 (2d Cir. 1986).

In the instant case, the United States did not show any differentiation in the factual basis supporting Count Two and Count Three, rather one narrative of alleged conduct premised upon identical evidence and proof. Significantly, the Defendant timely moved pursuant to Fed. R. Crim. P. 29 to dismiss Count Three of the Indictment prior to submitting the case to the jury. The District Court denied the Defendant's motion and charged the jury with all three counts of the Indictment. As a result of the Court's denial to dismiss Count Three, the jury was permitted deliberate upon Counts Two and Three and to return a verdict of Not Guilty as to Count Two and Guilty as to Count Three of the Indictment without any distinguishable legal or factual basis for the decision. This legal error on the part of the court led to inconsistent verdicts that are both legally impermissible and against the interests of justice.

WHEREFORE, the Accused, Joseph E. Armstrong, respectfully moves this Honorable Court for an Order granting this *Motion for Judgment of Acquittal* or, in the alternative, this *Motion for New Trial* and exclude the recording of June 5, 2013.

12

RESPECTFULLY SUBMITTED this Monday, August 22, 2016.

/s/ Gregory P. Isaacs
GREGORY P. ISAACS, BPR #013282

THE ISAACS LAW FIRM
618 South Gay Street, Suite 300
Post Office Box 2448
Knoxville, Tennessee 37901-2448
865.673.4953
www.isaacslawfirm.com
Gpi@isaacslawfirm.com

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing pleading was filed electronically and has been served on counsel set forth below, pursuant to the Fed. R. Crim. P., by the U.S.D.C. electronic filing system to carry the same to its destination.

AUSA Charles E. Atchley, Jr.
AUSA Frank Dale
United States Assistant Attorney General
Howard H. Baker, Jr. U.S. Courthouse
800 Market Street, Room 211
Knoxville, Tennessee 37902
865.545.4167
Charles.Atchley@usdoj.gov
Frank.Dale@usdoj.gov

DATED this Monday, August 22, 2016.

/s/ Gregory P. Isaacs
GREGORY P. ISAACS