UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-91 |
| | ) | JUDGES PHILLIPS/SHIRLEY |
| JOSEPH E. ARMSTRONG, | ) | |

UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR ACQUITTAL OR NEW TRIAL

The United States of America, by the United States Attorney for the Eastern District of Tennessee, opposes defendant Joseph E. Armstrong's Renewed Motion for Judgment of Acquittal or in the Alternative for a New Trial (Doc. 56) ("Motion").  The defendant's Motion fails to establish any basis for challenging the jury's verdict finding him guilty as charged. Accordingly, the Motion should be denied.

## LEGAL STANDARDS

### 1. Standards for judgment of acquittal

The defendant's Motion seeks a judgment of acquittal based upon insufficiency of evidence.  Rule 29 of the Federal Rules of Criminal Procedure permits the trial court to determine whether the evidence offered at trial is sufficient to sustain a conviction.  The denial of such a motion will be affirmed on appeal if "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  As the Sixth Circuit has observed, "[t]here is a 'strong presumption in favor of sustaining a jury conviction,' and a defendant seeking a judicial reversal of a jury determination of guilt bears 'a very heavy' burden, 'because the reviewing court does not judge the credibility of witnesses or weigh evidence, and it draws all reasonable inferences in the government's favor.'" *United States v. Roland*, 233 Fed.

Appx. 476, 482 (6th Cir. 2007) *quoting United States v. Peters*, 15 F.3d 540, 544 (6th Cir. 1994) and *United States v. Ostrander*, 411 F.3d 684, 691 (6th Cir. 2005); *see also United States v. Sherlin*¸ 67 F.3d 1208, 1214 (6th Cir. 1995) (in assessing a Rule 29 motion, circumstantial evidence and direct evidence are accorded the same weight), *cert. denied*, 516 U.S. 1082 (1996). *United States v. Welch*, 97 F.3d 142, 151 (6th Cir. 1996) (in evaluating a Rule 29 motion, the court does not "weigh credibility so long as it is not facially insubstantial or incredible"). *United States v. Bond*, 22 F.3d 662, 667 (6th Cir. 1994) ("credibility is exclusively the province of the jury").

### 2. *Standards for granting a new trial*

Assuming the Court declines to enter a judgment of acquittal, Armstrong asks that the Court grant a new trial. The standards that apply to a Rule 33 motion for new trial are somewhat different from those applicable to Rule 29 motions. In considering a Rule 33 motion, a trial court is permitted to consider the credibility of witnesses and the weight of the evidence in order to insure that there is not a miscarriage of justice. As the defendant correctly notes, Rule 33 permits the trial judge, under appropriate circumstances, to sit as a "thirteenth juror." *United States v. Wolfe*, 2012 WL 1957427, at *3 (E.D. Tenn., May 31, 2012), *quoting United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988).

The granting of a new trial, however, is appropriate "only in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *Wolfe*, 2012 WL 1957427, at *3. "Whether to grant a Rule 33 motion is left to the sound discretion of the district court, and the defendant bears the burden of proving that a new trial is warranted." *Id; see also United States v. Huff*, 2012 WL 441197, at *2 (E.D. Tenn., Feb. 10, 2012).

# ANALYSIS

## *1. The United States presented sufficient evidence to establish that Armstrong filed a false tax return.*

In seeking either acquittal or a new trial, the defendant advances substantially identical challenges to the sufficiency of the evidence that was offered at trial. Armstrong argues that the United States failed to provide sufficient evidence to establish his willfulness in filing a false income tax return. In attacking the proof of willfulness, the defendant first asserts that the only direct proof of his knowledge and intent "was the testimony of Charles M. Stivers, the return itself, and the testimony of Sam Anderson." Motion at 5-6. He argues that there were only "vague inferences," supported by circumstantial evidence, regarding his knowledge and intent, and that his own cross-examination demonstrated that he lacked knowledge "as to the operation and function of the tax code." Motion at 6. In addition, he asserts that Anderson's testimony supported the defendant's position that he believed the tax had been paid. *Id.* Finally, Armstrong argues that he successfully established a "good faith reliance" defense at trial, based upon assurances provided by his accountant, Mr. Stivers. *Id.*

The defendant's assertions notwithstanding, the Government clearly provided evidence sufficient to prove that Armstrong willfully filed a false and fraudulent tax return for the 2008 tax year. The defendant claims that the only direct proof regarding his knowledge and intent was provided through the testimony of Stivers and Anderson. But that was not the case. Instead, the most compelling proof of the filing of a false return was offered by the defendant himself.

Any question that the jury may have had regarding Armstrong's business and financial acumen was dispelled when he took the witness stand and recounted his many legislative successes during a lengthy political career. And on cross-examination, he admitted that the money he made from selling the cigarette tax stamps constituted his income, not the income of

Bowling Branch Investments. He further admitted that income cannot be legally left off the recipient's tax return and reported, instead, on someone else's return. Simply put, Armstrong's sale of cigarette stamps in 2008 resulted in significant profits – more than the entire income that he and his wife reported on their tax return in the prior year. Armstrong *knew* that these earnings were his own income, and he *knew* that he was required to report the income on his own tax return. The direct evidence, standing alone, would have been sufficient to allow the jury to conclude that Armstrong had willfully filed a false tax return.

In addition to the direct evidence, however, there was circumstantial proof of the defendant's willfulness. While Armstrong would minimize such proof as affording only "vague inferences," the inferences were actually quite compelling. For instance, the jury learned that the invoice for the sale of cigarette tax stamps bore Sam Anderson's name as sole purchaser, a fact unknown to Anderson at the time of the sale. Through the testimony of Roger Cox, the jury learned that Armstrong had falsely claimed ownership of Bowling Branch Investments in explaining why that entity should receive the payment for the tax stamps purchased by Tru Wholesale. The jury also saw official ethics disclosure forms, upon which Armstrong should have disclosed his personal investment interest in the cigarette stamp tax increase and his earnings from that investment, but did neither. Taken together, such facts depicted a tangled web of deception, calculated to keep *anyone* from learning that Armstrong was deriving profit from a tobacco tax increase that would receive his vote in the legislature, which culminated in the deliberate omission of more than $300,000 in earnings from the 2008 tax return.

Armstrong also claims that his "reliance defense" – that he relied in good faith upon the guidance of his accountant – was sufficient to negate the element of willfulness that is an essential part of a 26 U.S.C. § 7206 offense. According to Armstrong, he relied upon the tax

4

advice that had been provided by Stivers. He claims that this reliance was supported by Anderson, who testified that Armstrong purportedly made a telephone call to his accountant then informed Anderson that the taxes on the cigarette stamp proceeds had already been paid. Anderson, however, did not participate in the phone call and had no idea who Armstrong had called or what the person called had actually said. Anderson's testimony gave no support to Armstrong's reliance defense.

The incredulity of Armstrong's reliance argument became apparent when he took the witness stand in his own defense. By his own admission, the defendant knew that the profits from his cigarette tax stamp sales were his own income, not the income of Bowling Branch Investments. Similarly, he admitted that one person could not report on his own tax return the income of another person. Simply put, Armstrong's purported reliance defense was debunked by his own testimony. Armstrong quotes the Sixth Circuit for the proposition that "ignorance of the law is a defense" in the context of tax cases. Motion at 4, *quoting United States v. Abboud*, 438 F.3d 554, 581 (6th Cir. 2006). Amid Armstrong's asseverations of ignorance regarding taxes, and his reliance upon his accountant, however, the jury was shown a defendant who plainly knew better than to omit more than $300,000 from his tax return but did so anyway.

As an alternative form of relief, Armstrong asks the Court to grant him a new trial. In making this request, the defendant argues that there was insufficient evidence to support his conviction and that the finding of guilty was "against the manifest weight of the evidence presented at trial." Motion at 8, *quoting United States v. Hughes*, 505 F.3d. 578, 593 (6th Cir. 2007).

As discussed above, the evidence of Armstrong's guilt was more than adequate to support the jury's verdict. The defendant notes that when considering a motion for new trial, the Court is

5

permitted to consider the credibility of the witnesses and the weight of the evidence. Even when viewed from the perspective of a "thirteenth juror," however, the evidence presented at trial still favors upholding the jury's verdict.

In arguing that his conviction was against the weight of the evidence, Armstrong notes that "the proof set out by the United States and the Defendant was weighed by the jury during deliberations," and "[s]ignificantly, the jury returned an acquittal as to Count One and Two of the Indictment." Motion at 10. From his acquittal on the first two counts, the defendant extrapolates that "the jury clearly accepted the testimony of the Defendant as to his mental state in filing the 2008 return, or at a minimum weighed it as more credible than that given by Mr. Stivers." *Id.* And so, the defendant reasons that the Court should "totally disregard" all of Stivers' testimony, thereby "leaving insufficient evidence to establish Mr. Armstrong acted willfully." *Id.*

Unless Armstrong has spoken with the jurors, however – and nothing suggests that he or his defense team has done so – his insights into how the jurors regarded various witnesses' testimony are based purely upon conjecture. On the other hand, he may be absolutely correct: The jury might have given great weight to the defendant's admissions that the cigarette tax stamp profits were his own income, and not the earnings of Bowling Branch, and that one cannot legally omit income from one's own tax return in favor of having it reported on the return of someone else, and thereby found that Armstrong's own statements were adequate proof of his guilt. In any event, whether the jury gave greater weight to the testimony of Armstrong than to Stivers, or gave Stivers' testimony no weight at all, there was still sufficient evidence to find the defendant guilty of violating 26 U.S.C. § 7206.

Armstrong has failed to demonstrate that his conviction was against the manifest weight of the evidence and there is no reason for overturning the jury's verdict. Accordingly, Armstrong's motion for a new trial should be denied.

### 2. *The verdicts rendered were not inconsistent.*

In seeking a new trial, Armstrong also argues that the jury reached inconsistent verdicts in finding him not guilty as to the first two counts and guilty of the third count. He reasons that "[t]he jury in accepting the defense presented to the offenses, determined that there was not sufficient evidence to prove Mr. Armstrong acted willfully as to Count Two, and yet returned a verdict finding the *very same intent* as to Count Three." Motion at 10 (emphasis added).

Armstrong's "inconsistency" argument fails for at least two reasons. First, it assumes that the jury acquitted the defendant because it accepted his defense (presumably his reliance upon Stivers). But this assumption is based entirely upon speculation. It is just as likely that the jury believed the evidence insufficient to prove that Armstrong intended to evade his taxes, or that the evidence was more consistent with a desire to avoid reporting his cigarette stamp earnings on his tax return.

Second, the underlying premise of the defendant's inconsistency argument is false. The requisite *mens rea* for the offenses charged in Counts One and Two is willfulness, but the suggestion that violations of 26 U.S.C. §§ 7201 and 7206 involve the "very same intent" is patently incorrect. Proving tax evasion in violation of § 7201 requires a showing that the defendant willfully intended to defeat or evade his taxes. A violation of § 7206, in contrast, requires a finding that the defendant willfully intended to file a tax return that was not truthful. Armstrong's reason for filing the false return is immaterial. Part of the reason could have been to keep more of his dishonest earnings for himself. Or it could have been that he did not want to

disclose profits that smacked of ethical misconduct, insider dealing, or outright corruption. In any event, there was no inconsistency in the jury's acquittal of the defendant on the first two counts while finding him guilty on the third count.

### 3. *Permitting the jury to consider both Counts Two and Three did not constitute legal error.*

Armstrong argues that there was "substantial legal error in charging the jury with both Count Two and Count Three of the indictment," and that this "necessitates a new trial." Motion at 11. He asserts that "[c]ourts have noted that in cases where the government charges both attempted evasion in addition to filing a false return, the United States must show some distinct facts between the two in order to submit both charges to the jury." Motion at 12. According to the defendant, there was no "differentiation in the factual basis supporting" the evasion and false return charges and, therefore, no "distinguishable legal or factual basis" for the decision to acquit him on Count Two but convict him on Count Three. He notes that at the close of all evidence, defense counsel moved to dismiss Count Three pursuant to Rule 29, and argues that the Court's denial of that motion constituted "legal error [that] led to inconsistent verdicts that are both legally impermissible and against the interests of justice." Motion at 12.

The defendant relies upon *United States v. Spencer*, 856 F.2d 197 (6th Cir. 1988) and *United States v. Citron*, 783 F.2d 307 (2d Cir. 1986) in support of his argument. Those cases stand for the proposition that a defendant has the right to have a lesser included offense withheld from the jury's consideration when the jury could not rationally return a verdict of guilty on the lesser offense without also finding the defendant guilty on the greater offense. *See United States v. Hararay*, 457 F.2d 471 (2d Cir. 1972) (impermissible for jury to consider both gratuity and bribery charges where there was no dispute regarding the additional element establishing the bribery offense). This principle is intended to prevent a jury from making its own determination

8

of whether to convict the defendant of the less serious or the more serious offense, where the facts support convictions for both crimes.

The Court properly denied the defendant's motion to prevent the jury's consideration of the 26 U.S.C. § 7206 charge. Violations of 26 U.S.C. §§ 7201 and 7206 are distinct crimes that involve different elements. As the U.S. Supreme Court held in *Schmuck v. United States*, 489 U.S. 705 (1989), one offense is necessarily included in another only when the statutory elements of the lesser offense are a subset of the elements of the greater charged offense. That is not the case with the offenses charged in Counts Two and Three.

The filing of a fraudulent tax return is not a subset of tax evasion, as both are distinct crimes.[1] Proving tax evasion requires the United States to demonstrate that a defendant attempted to defeat or evade either the assessment or payment of his taxes, that he did so willfully, and that he committed one or more affirmative acts of evasion. In contrast, proving a violation of 26 U.S.C. § 7206 requires demonstrating that the defendant acted with an intent to file a false tax return with the Internal Revenue Service. Proof of one offense does not constitute proof of the other. A defendant need not file a false return in order to commit tax evasion. On the other hand, one who willfully files a false tax return is not guilty of tax evasion unless it is also proven that he did so for the purpose of evading his taxes. Simply put, the willful filing of a false tax return is a standalone crime, which may be motivated by numerous reasons, such as the desire to hide less-than-honest earnings from one's spouse, the state ethics authorities, or one's constituents.

---

[1] Even characterizing a violation of 26 U.S.C. § 7206 as "less serious" than a violation of 26 U.S.C. § 7201 is somewhat misleading. Both are felonies. Although tax evasion and the filing of false returns carry maximum sentences of five years and three years, respectively, this distinction is immaterial in many instances, since the sentence is based upon the applicable Sentencing Guidelines.

Finally, as discussed above, the defendant's argument that the jury reached "inconsistent verdicts" is based upon the erroneous assumption that 26 U.S.C. §§ 7201 and 7206 criminalize the same conduct, when in fact they do not. The jury found that the defendant had willfully filed a false tax return, but did not find that he had attempted to evade his taxes. Those two findings are in no way inconsistent. Permitting the jury to consider the offenses charged in both Counts Two and Three was appropriate, and the Court should deny Armstrong's motion for a new trial.

## CONCLUSION

For the foregoing reasons, the defendant's Motion should be denied.

Respectfully submitted,

NANCY STALLARD HARR
United States Attorney

By  *s/ Frank M. Dale, Jr.*
CHARLES E. ATCHLEY, JR.
FRANK M. DALE, JR.
Assistant United States Attorneys
800 Market Street, Suite 211
Knoxville, TN  37902
(865) 545-4167

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 19, 2016, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                      *s/ Frank M. Dale, Jr.*
                                      FRANK M. DALE, JR.
                                      Assistant United States Attorney