UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No.:  3:15-CR-91 |
| | ) | Judge Phillips |
| JOSEPH E. ARMSTRONG | ) | |

# **MEMORANDUM AND ORDER**

As has been well documented, this case arises from the defendant's purchase and subsequent sale of Tennessee cigarette tax stamps in 2007. The defendant purchased the stamps prior to the increase of the tax rate and then sold the stamps for a substantial profit after the tax stamp rate was increased by the Tennessee Legislature. The defendant admittedly did not include the profit he made from the sale of those tax stamps on his 2008 individual income tax return. Defendant testified that he believed that his accountant, Charles Stivers, had paid the tax on this income and that he relied in good faith on his accountant's advice.

On June 16, 2015, the defendant was charged in a three-count indictment of conspiring to defraud the United States in violation of 18 U.S.C. § 371 (Count One), attempting to evade and defeat a tax in violation of 26 U.S.C. § 7201 (Count Two), and filing a false and fraudulent tax return in violation of 26 U.S.C. § 7206(1) (Count Three) [Doc. 1]. Following a jury trial, the defendant was found not guilty on Counts One and Two and guilty on Count Three [Doc. 47].

Defendant has now filed a renewed motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c) or alternatively a motion for new trial pursuant to Fed. R. Crim. P. 33(a) [Doc. 56]. The government has responded in opposition to the motion [Doc. 59].

I.  Motion for Acquittal

In considering a Rule 29 motion for acquittal, the Court must construe the evidence in the light most favorable to the government, and then determine whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *United States v. Hofstatter,* 8 F.3d 316, 324 (6th Cir. 1993), *cert. denied*, 510 U.S. 1131 (1994). The Supreme Court has observed that the granting of a motion of acquittal, "... will be confined to cases where the prosecution's failure is clear." *Burks v. United States,* 437 U.S. 1, 17 (1978); *United States v. Overmyer*, 867 F.2d 937, 938 (6th Cir.), *cert. denied*, 493 U.S. 813 (1989). In making such a review, the Court considers "both the evidence and any inferences 'reasonably and justifiably drawn therefrom." *United States v. White,* 788 F.2d 390, 393 (6th Cir. 1986) (quoting *United States v. Conti,* 339 F.2d 10, 13 (6th Cir. 1964)). A defendant "bears a very heavy burden" in a sufficiency of the evidence challenge. *United States v. Clay,* 667 F.3d 689, 693 (6th Cir. 2012) (citing *United States v. Davis,* 397 F.3d 340, 344 (6th Cir. 2005)). Further, issues of credibility are strictly for determination by the jury. *United States v. Yarbrough*, Nos. 93-1769, 93-1796, 1994 WL 175769, at *5 (6th Cir. May 9, 1994); *United States v. Evans,* 883 F.2d 496, 501 (6th Cir. 1989).

In support of his motion for acquittal, defendant contends that the evidence presented at trial was insufficient to sustain a conviction as to Count Three, that he willfully filed a false and fraudulent tax return. Defendant contends that the only direct evidence that he knowingly filed a false tax return came from the testimony of Charles Stivers, the 2008 tax return itself, and the testimony of Sam Anderson. Defendant suggests that only "vague inferences" of his knowledge and intent were presented through circumstantial evidence. Defendant also points to his own testimony that he believed the tax had been paid and that he relied on the advice of his accountant, Mr. Stivers [Doc. 56 at pp. 4—6].

In response, the government argues that the defendant's testimony provided direct evidence that he knew the money he made from the sale of cigarette tax stamps was his own income and that he was required to report that income on his own tax return. The government also points to circumstantial evidence that the defendant acted willfully and argues that the defendant's own testimony undercuts his reliance defense [Doc. 59 at pp. 3—5].

In order to establish a violation of 26 U.S.C. § 7206(1), the government must prove the following elements beyond a reasonable doubt: (1) the defendant willfully made and subscribed a tax return; (2) the return was subscribed "under penalties of perjury;" and (3) the defendant did not believe the return to be true and correct as to every material matter. *See United States v. Bishop,* 412 U.S. 346, 350 (1973); *United States v. Lawrence*, 557 F. App'x 520, 526 (6th Cir.), *cert. denied*, 135 S. Ct. 223 (2014); *United States v. Bilbrey*, No. 96-4371, 1998 WL 879591, at *3 (6th Cir. Nov. 25, 1998). The defendant's 2008 income tax return clearly shows that it was made under penalty of perjury and defendant admitted

that it did not include the profit from the cigarette tax stamps in his income. Thus, the only real point of contention is whether the government established that the defendant acted willfully in filing a false or fraudulent tax return.

In order to establish that the defendant acted willfully, the government must prove that he voluntarily and intentionally violated a known legal duty. *Cheek v. United States*, 498 U.S. 192, 201 (1991). The showing of willfulness in criminal tax cases can be negated by the defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good faith belief that he was not violating any of the provisions of the tax laws. *Id*. at 202; *United States v. Aaron*, 590 F.3d 405, 408 (6th Cir. 2009).

Charles Stivers testified that he and the defendant discussed hiding the proceeds from the sale of defendant's tax stamps. Mr. Stivers also testified that the defendant did not want to put the proceeds on his individual income tax return. In contrast, defendant testified that he and Mr. Stivers never discussed not paying taxes on the cigarette tax stamp money. Defendant further testified that he followed Mr. Stivers' advice and believed that the taxes had been paid through Mr. Stivers' company, Bowling Branch Investments. Whether the testimony of Mr. Stivers or the defendant should be credited on this point is clearly an issue of credibility that is reserved for the jury. Defendant also admitted that the profit of approximately $330,000 was income to him, it was not included on his 2008 income tax return and it should have been. He acknowledged that he could not report his income on the tax return of another person. Thus, the jury was presented with the

defendant's own testimony that the tax stamp profit was his income and he did not report it. A rational trier of fact could have concluded that the defendant's testimony of reliance and good faith was not credible.

As the government notes, there was also circumstantial evidence to support the inference that the defendant wanted to hide his income from this transaction. Both David Copeland, the loan officer from BankEast, and Roger Cox, one of the owners of Tru Wholesale, testified that the stamps were invoiced to Sam Anderson and not to the defendant. Mr. Cox also testified that the money from the sale of the stamps was made payable to Bowling Branch Investments, rather than to the defendant. Finally, defendant admitted that neither his investment in the tax stamps nor his profit from the sale of the stamps was included on his 2008 or 2009 Tennessee ethics disclosure forms [Gov. Exs. 60, 61]. All of this evidence could lead a rational trier of fact to conclude that the defendant was trying to prevent the discovery of his involvement in this transaction. This secrecy would further undercut the credibility of defendant's reliance and good faith defenses.

Viewing the evidence in the light most favorable to the government, the Court does not find that the government has clearly failed to prove that the defendant willfully filed a false and fraudulent tax return. The proof at trial is sufficient to sustain the jury's finding of guilt and the defendant's motion for acquittal will be **DENIED**.

II.  Motion for New Trial

Fed. R. Crim. P. 33(a) permits the Court to vacate a judgment and "grant a new trial if the interest of justice so requires."  In considering a motion for new trial, the trial court "can consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice.  It has often been said that he/she sits as a thirteenth juror." *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988) (quoting *United States v. Turner*, 490 F. Supp. 583, 593 (E.D. Mich. 1979)).  "The defendant bears the burden of showing that a new trial ought to be granted." *United States v. Wolfe*, No. 2:11-CR-33, 2012 WL 1957427, at *3 (E.D. Tenn. May 31, 2012) (Greer, J.) (quoting *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991)).  A motion for new trial "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence." *United States v. Huff*, No. 3:10-CR-73, 2012 WL 441197, at *2 (E.D. Tenn. Feb. 10, 2012) (Varlan, J.) (quoting *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007)).  Thus, the power of the court is much broader because a court may weigh the evidence and consider the credibility of the witnesses.  *Huff*, 2012 WL 441197, at *2.  A motion for new trial should only be granted in extraordinary circumstances where the evidence preponderates heavily against the verdict.  *Id*.

The defendant argues that the government failed to prove that he acted willfully and therefore the verdict is contrary to the manifest weight of the evidence.  As with his argument for acquittal, defendant complains that Mr. Stivers' testimony was elicited pursuant to a plea agreement and also that Mr. Stivers was impeached by his motive to

testify against defendant and his history of inconsistent statements. Defendant urges the Court to completely disregard all of Mr. Stivers' testimony [Doc. 56 at pp. 8—11].

In response, the government contends that the defendant's arguments as to how the jury weighed the evidence is based on conjecture. The government contends that there was sufficient evidence to support the jury's finding of guilt as to Count Three and the defendant has failed to demonstrate that his conviction was against the manifest weight of the evidence [Doc. 59 at pp. 5—7].

The Court agrees with the government. The defendant has not shown that this is an extraordinary circumstance where the evidence preponderates heavily against the verdict. As set forth above, there is both direct and circumstantial evidence, aside from Mr. Stivers' testimony, to support the jury's finding that the defendant knew his 2008 tax return was incorrect because it did not identify the profits from the sale of cigarette tax stamps and he filed it anyway. The Court does not believe that the jury's verdict is a miscarriage of justice and the defendant's motion for new trial will be **DENIED**.

III.     Inconsistent Verdicts

Defendant also argues that the jury's verdict of not guilty as to Count Two and guilty as to Count Three is inconsistent and against the weight of the evidence. Defendant contends the jury must have concluded that there was not sufficient evidence that he acted willfully as to Count Two and thus should have found him not guilty of Count Three as well. Defendant reiterates his reliance on Mr. Stivers' advice and that he believed Mr. Stivers had paid the tax, as corroborated by Mr. Anderson [Doc. 56 at pp. 10—11].

The government responds that the defendant's argument is based on speculation as to the reasons for the jury's verdicts. Further, the government notes that a conviction for Count Two required proof that the defendant willfully intended to defeat or evade his taxes, whereas a conviction for Count Three required proof that the defendant willfully intended to file a false tax return. Thus, the government argues that the two charges do not require proof of "the very same intent" and the verdicts are not inconsistent [Doc. 59 at pp. 7—8].

It is well settled that inconsistent verdicts are not normally a valid basis for a new trial. *United States v. Powell*, 469 U.S. 57, 65 (1984); *United States v. LeMaster*, 54 F.3d 1224, 1233 (6th Cir. 1995), *cert. denied*, 516 U.S. 1043 (1996). Inconsistent verdicts may be the result of compromise, mercy, or any number of reasons. *United States v. Clemmer*, 918 F.2d 570, 573 (6th Cir. 1990) (citing *Dunn v. United States*, 284 U.S. 390, 394 (1932)). The separate counts in an indictment are treated like separate indictments and an acquittal on one charge does not prevent a finding of guilt on another charge. *Id*. Thus, inconsistent verdicts do not give rise to a sufficiency of the evidence challenge unless the crimes are mutually exclusive. *United States v. McCall*, 85 F.3d 1193, 1198 (6th Cir. 1996).

The elements of tax evasion, in violation of § 26 U.S.C. 7201, are: (1) the existence of a tax deficiency, (2) an affirmative act to evade or defeat that tax, and (3) willfulness. *Sansone v. United States,* 380 U.S. 343, 351 (1965); *United States v. Harris*, 1997 WL 369439, at *9 (6th Cir. July 1, 1997); *United States v. Daniel,* 956 F.2d 540, 542 (6th Cir. 1992). This offense is distinct from filing a false tax return, in violation of 26 U.S.C. § 7206(1), because it "requires proof of an intention to evade or defeat a tax, whereas § 7206(1) penalizes the filing of a false return even though the falsity would not produce tax

8

consequences." *United States v. Adams*, 314 F. App'x 633, 636 (5th Cir. 2009); *United States v. Citron*, 783 F.2d 307, 313 (2d Cir. 1986). As the government notes, the parties and the Court can only speculate as to the reasons why the jury found the proof insufficient to support a conviction on Count Two. Nevertheless, even if the Court were convinced that the verdicts in the instant case were inconsistent, the crimes in Counts Two and Three are not mutually exclusive and the verdicts present no basis for a new trial.

IV.     Consideration of Counts Two and Three

Finally, defendant argues that it was legal error to permit the jury to consider both Count Two, attempting to evade and defeat a tax, and Count Three, filing a false and fraudulent tax return. Defendant contends that the government must present distinct facts for both charges to be submitted to the jury, but instead presented one narrative of conduct premised on identical evidence and proof. Defendant contends it was error to submit both charges to the jury without any distinguishable legal or factual basis [Doc. 56 at pp. 11—12].

The government responds that the offense charged in Count Three is not a subset of the offense charged in Count Two and proof of one does not constitute proof of the other. Further, the government argues that 26 U.S.C. §§ 7201 and 7206 do not criminalize the same conduct. Thus, there was no error in permitting the jury to consider both charges [Doc. 59 at pp. 8—10].

Defendant relies on the decision in *Citron*, 783 F.2d at 312—14, in which the court concluded that it was error to submit charges of both § 7201 and § 7206(1) for consideration

9

by the jury in the absence of any factual or legal basis for deciding the counts differently. The *Citron* court noted that, in the absence of any distinction in the factual elements of both offenses, the jury is invited to pick between the greater and lesser offenses so as to determine the punishment to be imposed, a duty that is left to the judge. *Id*. at 312. This rationale is based on the lesser-included offense doctrine which permits an instruction on a lesser crime if some of the elements of the crime charged themselves constitute a lesser crime. "In other words, the lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater." *United States v. Spencer*, 1988 WL 87679, at *2 (6th Cir. 1988) (quoting *Sansone*, 380 U.S. at 349—50).

Because the method of tax evasion charged in Count Two is the filing of a false tax return, the defendant's argument has some appeal but ultimately falls short. First, the Court notes that, as set forth above, the elements of a § 7201 violation and a § 7206(1) violation are not the same; § 7206(1) does not require proof of a tax deficiency and § 7201 does not require the filing of a false tax return under penalty of perjury. Second, while the § 7206(1) charge might be considered a lesser-included offense on the facts of this case (because the method of evasion charged is the filing of a false tax return), there is factually distinguishing evidence in the record as to both counts. As noted above, there is evidence that could support a finding that the defendant tried to evade the assessment of tax by funneling the proceeds of the sale through Bowling Branch Investments, by including Sam Anderson in the transaction, by telling Mr. Stivers that he did not wish to pay taxes on this money, and by failing to disclose either his investment or his proceeds on his state ethics disclosure forms. This evidence does not prove any of the elements of the offense in Count

Three. In contrast, the jury heard the defendant's own testimony that his 2008 tax return did not include the profit from this transaction and it should have, which supports the verdict as to Count Three. Accordingly, while there is some overlap in the facts presented for each charge, there is also factually distinct evidence in the record to support a verdict on each charge. The Court therefore finds that it was appropriate for the jury to consider both charges. The defendant's motion for new trial will be **DENIED** on this basis.

V.    Conclusion

For the reasons set forth herein, the defendant's renewed motion for judgment of acquittal or alternatively for a new trial [Doc. 56] is **DENIED**.

IT IS SO ORDERED.

    s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE